* * * * * * * * * * *
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDING OF FACT
1. Plaintiff is an inmate in the custody of defendant. Plaintiff alleges that on and after February 15, 2002, defendant's various named agents compromised the confidentiality of his medical condition, failed to provide prescribed medication in a timely fashion, and conducted a blood draw in a manner that hurt plaintiff. *Page 2 
2. In his affidavit and at the Deputy Commissioner's hearing, plaintiff alleged that Ms. Koeblin, a nurse employed by defendant, "spoke in a loud voice," stating that plaintiff's blood had infected a physician at the correctional facility with a blood-borne disease. Plaintiff also alleged that he did not receive prescribed medications for several months after his diagnosis and that Ms. Perry, also a nurse employed by defendant, twisted a needle in his arm while drawing blood.
3. Defendant filed a Motion to Dismiss, moving to dismiss plaintiff's claim on grounds that pursuant to Rule 12(b)(1), the alleged intentional acts and Constitutional violations of plaintiff's claim are not properly within the Industrial Commission's jurisdiction under the Tort Claims Act; and that also pursuant to Rule 12(b)(6), plaintiff failed to allege facts sufficient to state a claim for negligence.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSION OF LAW
1. N.C. Gen. Stat. § 143-291, et seq. requires that plaintiff demonstrate negligence of an officer, employee, involuntary servant or agent of the State of North Carolina by the greater weight of the evidence.
2. In the case at bar, plaintiff failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in causing injury to plaintiff.
3. Therefore, plaintiff is not entitled to any recovery from the defendant. N.C. Gen. Stat. § 143-291, et seq.
 * * * * * * * * * * * *Page 3 
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are assessed, as plaintiff was permitted to file this claim in forma pauperis.
This 11th day of July, 2007.
S/___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________________ BUCK LATTIMORE CHAIRMAN
 S/___________________________ DANNY LEE MCDONALD COMMISSIONER *Page 1